(No. 38991.—

The People of the State of Illinois, Defendant in Error, *vs.* Robert D. Aughinbaugh, Plaintiff in Error.

*Opinion filed January 19, 1967.*

WARD, J., took no part.

MARVIN S. HELFAND, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JAMES S. VELDMAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Robert D. Aughinbaugh was found guilty of robbery and armed robbery in a Cook County circuit court jury trial and was sentenced to 10 to 20 years imprisonment. He appeals directly here contending his constitutional rights were violated by testimony and comments as to his silence at the time he was identified in a police lineup. He also charges the trial court erred in refusing to order the State to provide him with a copy of the grand jury testimony of two of its witnesses, in limiting his cross-examination of the State's rebuttal witness, and in allowing the State to introduce a gun into evidence.

Defendant was charged with the robbery of the Burton's Men's Shop in Chicago at 6:30 P.M. on December 16, 1961. At his trial the State called Joseph Geneles, proprietor of the store, as its first witness. Part of Geneles's testimony related to his identification of the defendant in a police lineup on January 17, 1962. He said that he identified the defendant, who was standing with his back to him, by touching him on the shoulder, and that, when he did this, defendant said nothing.

A Chicago police detective, Eugene Kalinowski, also testified as to the identification of the defendant in the police lineup. He said that Geneles and Jacqueline Cwick, who became involved when she entered Geneles's store as a customer during the robbery, identified the defendant, in turn, by tapping him on the shoulder and that defendant did not say anything either time he was so identified.

While the tacit admission rule obtains in this State, and

the silence of a defendant in the face of an accusation of guilt may be shown at his trial as evidence of guilt, such evidence should be received with caution and only when the conditions upon which it becomes admissible are clearly shown to exist. (*People* v. *Bennett*, 3 Ill.2d 357, 361.) It must affirmatively appear that the defendant knew he was being asked about the crime for which he is on trial, for it is the assumption that one similarly situated would ordinarily deny the imputation of guilt which renders admissible defendant's failure to do so. (See *People* v. *Smith*, 25 Ill.2d 219, 224; *People* v. *Bennett*, 3 Ill.2d 357, 361.) There is no evidence in this record that defendant was told on December 17 why he was then arrested or the purpose of his subsequent placement in the lineup. When Geneles and Miss Cwick identified defendant, he was standing with his back to them. They identified him simply by touching him on the shoulder, without any oral accusation. Officer Kalinowski testified that, in a normal voice and while within five feet of defendant, he "asked them if they recognized him in the lineup or showup that they should tap that person on the shoulder". He also said that, in the presence of Miss Cwick, Geneles indicated that this was the man who had been in his store but, apart from the serious question as to adequacy of this statement, there is no showing that this was audible to defendant. Geneles testified that "they told me to go up and point to the man I think caused the trouble to me." It is clear that the combined effect of this testimony falls considerably short of establishing that it was then known to defendant that he was being charged with the robbery of the Burton's Mens' Shop, (*People* v. *Gratton*, 28 Ill.2d 450, 455.) We therefore conclude that defendant's silence at the time of the lineup identification cannot be considered a tacit admission of his guilt, and admission of such evidence, when coupled with the comment thereon by the State's attorney during argument to the jury, constituted reversible error.

Since this case must be retried, it is necessary to consider several other alleged errors, as the questions involved are likely to recur. Among these is the contention that the trial court improperly refused to order the State to supply defendant, as requested by him, with the grand jury minutes relating to the testimony of two of its witnesses, Geneles and Christie. Defendant's request was made at the conclusion of the direct testimony of each of the witnesses, and called for the production of transcripts of such testimony, if transcribed, or, if not, for production of the court reporter who took the testimony that he might read his notes thereof to defense counsel. The State indicated it had no transcripts, and the trial judge denied the request because no transcripts were available and "if they want the court reporter who took the transcript [*sic*] they can bring him in by the customary method."

In *People* v. *Johnson,* 31 Ill.2d 602, we extended to grand jury minutes the rule of *People* v. *Wolff,* 19 Ill.2d 318, and *People* v. *Moses,* 11 Ill.2d 84, that statements of prosecution witnesses in possession and control of the State must, on a proper showing, be made available to defendant. The law, so far as we are aware, does not require that the testimony of witnesses before a grand jury be recorded. Section 112—6 of the Code of Criminal Procedure (Ill. Rev. Stat. 1965, chap. 38, par. 112—6) allows, but does not compel, court appointment of a reporter to attend sessions of a grand jury if the State's attorney does not assign one. *Johnson* does not deal with this aspect of the question. Since there is no absolute requirement, constitutional or otherwise, that testimony before a grand jury be recorded, there may well be many cases in which no record exists. (*United States* v. *Cianchetti* (2d cir. 1963) 315 F.2d 584.) It is clear that defendant can have no right to production under these circumstances, and we note that the Third District Appellate Court has recently so held in *People* v. *Derengowski,* 67 Ill. App. 2d 66. This, however, does not completely

solve the problem since there are also those cases, as the instant one appears to be (although the record contains no clear proof as to this), where the testimony was recorded but not transcribed, so that, even though reported, no grand jury minutes thereof actually exist. A rule which requires production under such circumstances would present several practical problems. The person actually reporting the testimony may have moved, be otherwise unavailable or even dead, particularly in those instances where a substantial interval intervenes between indictment and trial. And, even though the reporter be available, production of a transcript in response to defendant's request made midway in a jury· trial might cause substantial delay in proceeding therewith. We therefore believe a fair and workable rule to be one that requires, as in *Johnson,* production of grand jury minutes relating to prosecution witnesses who testify at trial where such grand jury testimony has been recorded and previously transcribed, and a proper demand therefore is made by defendant. Accordingly, the ruling of the trial judge was correct in the absence of a showing that the testimony of Geneles and Christie had been recorded and transcribed at the time of the request for production.

Defendant called three witnesses who testified that he was in his family home in Fox Lake all day on December 16 until between 6:00 and 6:30 P.M. In rebuttal the State called Charles Christie, who operated a store in the same vicinity as Geneles. He said that defendant was in his store on the robbery date at 4:45 P.M. On cross-examination, Christie was asked whether he had a conversation in which Geneles told him defendant had robbed Geneles. When he replied in the negative, he was asked what he had told the defendant upon being asked a similar question out of court. The State's objection to this question was sustained for the reason that it went beyond the scope of the direct examination of Christie. We agree with defendant that this was error. In cross-examining a witness who places a defendant

near the scene of a crime about the time of its commission, the accused has the right to question the witness on any matter which tends to explain, modify or discredit what he said on direct examination. (See *People* v. *Morris,* 30 Ill.2d 406, 409; *People* v. *Coli,* 2 Ill.2d 186, 189.) The fact, if it was a fact, that Geneles, the proprietor of a store near Christie's own, had previously said to the latter that defendant had robbed Geneles was a proper factor for the jury to consider in evaluating Christie's testimony. Since Christie had denied being so informed, the question as to whether he had made prior out-of-court statements to the contrary was not improper.

We now turn to defendant's claim that People's exhibit No. 2, a gun identified as similar in size, shape, weight and color to one used by defendant's accomplice, should not have been admitted into evidence. Geneles testified that a man, designated by him as Barry Hill, who was present with the defendant on December 16, pointed at him a gun, which he later identified as the one introduced as People's exhibit No. 2, and then struck him over the head with it. Defendant objected to the admission of the gun, as the only other foundation evidence presented was the testimony of police officer Richard Parker that the same gun was taken from Hershel Barry Hill, whom he later called Barry Hill, at the time of his arrest, again in defendant's presence. Even though not used by defendant personally, this was sufficient evidence to connect the gun with the crime in which defendant participated. (*People* v. *Johnson,* 35 Ill.2d 516; *People* v. *McCasle,* 35 Ill.2d 552, 221 N.E.2d 227.) It did possess probative value in that its possession by the accomplice when arrested corroborated the State's witnesses, and we find no error in its admission. While defendant now urges that the man in whose possession the gun was found at the time of his arrest and defendant's accomplice were never shown to be one and the same person, Geneles and the police officer referred to this individual by the same name.

We believe this sufficient, particularly in the absence of any challenge at the trial level of Geneles's means of knowledge of the accomplice's name.

Other errors are alleged, but, as they are unlikely to recur upon retrial, we find it unnecessary to consider them. For the reasons discussed above, the judgment of the circuit court of Cook County is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.