People of the State of Illinois, Plaintiff-Appellee,
v. Vernon Napue, Defendant-Appellant.

Gen. No. 51,020.

First District, Third Division.

April 27, 1967.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Morton E. Friedman, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal from a conviction after a jury trial for burglary. Defendant, Napue, was sentenced to the penitentiary for a period of five to twenty years.

Defendant contends on appeal that (1) the identification of defendant was insufficient and the result of an unconstitutional suggestive identification procedure; (2) the court erroneously instructed the jury on admission by silence when in fact the evidence did not support a finding of such admissions; (3) it is unconstitutional to infer guilt from defendant's silence upon accusation; (4) the court admitted evidence obtained in an unconstitutional search, and (5) defendant was not sufficiently in possession of the stolen goods to allow the application of the rule that recent unexplained possession of stolen goods is sufficient to convict one of burglary.

On December 3, 1964, Floyd Nightlinger, then 69 years old, was the landlord of a building at 311 Wisconsin

Street. According to his testimony as a State's witness, he looked out of his apartment window and saw a cab pull up and a man alight and proceed to the basement apartment. After seeing the man emerge from the apartment carrying some household goods, Mr. Nightlinger left his apartment and ran outside where he bumped into the man.

The police were called and Mr. Nightlinger gave them the number of the cab and a brief description of the suspect saying he was a short colored fellow with a mustache. When the cab was located the driver gave police the address of the passenger's destination. The police went there and searched the rear apartment but found nothing. Later that day the police returned to the address and searched the front apartment. Six people and the stolen items were in the apartment. Police arrested one of the six, defendant.

Mr. Nightlinger was taken to the police station and upon entering the room, saw defendant and another man seated at a table approximately twenty-five feet from Mr. Nightlinger. He saw Napue and exclaimed, "There's the man talking to the other man." The defendant looked at the entrance door where Mr. Nightlinger was standing, turned away and put his head down. There was no lineup held.

Defendant first contends that the identification of defendant was insufficient and the result of an unconstitutional suggestive identification procedure. Since there was no lineup and the identification occurred when Mr. Nightlinger entered the room in which defendant was seated, defense counsel argues that this is an unreliable identification. He says that it was suggested because Mr. Nightlinger knew he was going to the police station to view a suspect. Counsel also suggests that there was actual suggestion and influence, but there is nothing in the record to so indicate that this occurred. Defendant further says that the encounter of Mr. Nightlinger

and the burglar was brief and under poor lighting condition in that it was a dark blustery winter day. Also, the description given by Mr. Nightlinger immediately after the occurrence was sketchy and there was some confusion as to whether defendant had a mustache at the time of the arrest, but no one testified that he did have one.

Defendant claims that eyewitness identifications are inherently weak because the eyewitness quite often does not have adequate observation or ample opportunity to observe the assailant for a sufficient period of time or under lighting conditions which are amenable to making adequate observations, and that often these identifications are rejected by the courts as insufficient to show positively that the defendant committed the crime. People v. Cullotta, 32 Ill2d 502, 207 NE2d 444; People v. Kincy, 72 Ill App2d 419, 219 NE2d 662; People v. Kidd, 410 Ill 271, 102 NE2d 141; People v. Fiorita, 339 Ill 78, 170 NE 690. However, these cases are distinguishable in that the witnesses either did not see the defendant during the crime or several witnesses presented varying identifications and versions of the occurrence. In this case the witness saw the defendant at close range after first observing him from his window. The identification occurred the same day with no appreciable time lapse to dull his memory. Furthermore, his identification, while not during a lineup, was spontaneous and immediate. There is no showing in the record that Mr. Nightlinger knew just where defendant would be, nor that defendant was the only man in the room who was not in a police uniform.

In People v. Crenshaw, 15 Ill2d 458, 155 NE2d 599, the court discussed nonlineup identifications and said on page 464:

"There is no requirement in the law that an accused person must be placed among a group of persons

45

for the purpose of testing the ability of a witness to identify him as the guilty person, (People v. Vaughn, 390 Ill 360; People v. Minor, 388 Ill 436; People v. Reilly, 348 Ill 153,) and where an accused is not selected from a group, such fact does not render evidence of identification incompetent, but only affects its weight. (People v. DeSuno, 354 Ill 387; People v. Barad, 362 Ill 584; People v. Dustin, 385 Ill 68.) Similarly, where claim is made that identification was induced by police suggestion that the guilty party is in custody, we have stated such procedure does not completely destroy the evidence of identification, but affects only its weight and credibility."

 The identification in the case at bar is not a ground for reversal since the jury knew the circumstances surrounding it and could decide the weight to be given it.

 Defendant next contends that the court erroneously instructed the jury on admission by silence when in fact the evidence did not support a finding of such admissions. The evidence of such admission was that when Mr. Nightlinger, upon seeing defendant at the police station, exclaimed, "There's the man," defendant put his head down and turned away. The police officer sitting with defendant then testified to defendant's actions. The officer stated that he heard Mr. Nightlinger's exclamation and defendant reacted to it in the manner described. While it is possible that defendant did not hear the accusation that is not the only possible interpretation of the testimony. The instructions given to the jury on this matter (both State's and defendant's) correctly set out the instances when it was possible to draw an inference of admission from circumstances. While defendant relies upon People v. Aughinbaugh, 36 Ill2d 320, 223 NE 2d 117, that case dealt with the admission of evidence

46

regarding admission by silence under circumstances distinguishable from the instant case. The defendant there did not know that he was charged with robbery, in connection with which he was identified. In this case defendant did not object to the evidence regarding the admission, but claims only that the State's instruction was improper. The ground alleged is that there was no evidence or showing of any admissions. Yet defendant submitted an instruction which not only discussed the circumstances from which an admission could be inferred, but also stated "(e)vidence has been introduced that defendant made certain admissions relating to the crime charged in the indictment." In light of defendant's view of the matter at trial it is incomprehensible to us that he could on appeal complain of a similar, but not so damaging, State's instruction. The Illinois Supreme Court said in People v. Riley, 31 Ill2d 490, 496, 202 NE 2d 531:

> "It is axiomatic that an accused cannot complain of error acquiesced in or invited by him, and to this end we have held that a defendant may not complain of defects in instructions which were given at his request . . . or of instructions given by agreement between the State and the defendant . . . or of instructions similar to ones given at his own request. . . ."

■ ■ Defendant next contends that it is unconstitutional to infer guilt from defendant's silence upon accusation. There was no mention of this constitutional point during the trial and no objection was made to the relevant testimony. It is well settled that one may not raise a constitutional question for the first time on appeal. (People v. Harris, 33 Ill2d 389, 211 NE2d 693.)

■ Defendant next contends that the court admitted evidence obtained in an unconstitutional search. The

only objection made when this evidence was admitted was on the ground of relevancy. No motion to suppress was made. Counsel suggests first that trial counsel was relying on an appellate ruling that one not admitting possession may not move to suppress the evidence obtained by illegal search. The case to which he refers was reversed upon appeal to the Illinois Supreme Court. He alternatively says that because trial counsel did not know the law and therefore made no motion to suppress, that defendant was denied effective aid in the preparation of his case. Whatever trial counsel's reason for not making the motion, such was not done during trial. The point has not, therefore, been properly preserved for appeal. People v. Riley, supra; People v. Moore, 74 Ill App 2d 24, 220 NE2d 105; People v. DeMarco, 44 Ill App2d 459, 195 NE2d 213; People v. Gratton, 28 Ill2d 450, 192 NE2d 903.

■ Defendant finally contends that defendant was not sufficiently in possession of the stolen goods to allow the application of the rule that recent unexplained possession of stolen goods is sufficient to convict of burglary. Napue was found in an apartment with the stolen goods, and, although it appears that others were present, it has been consistently held that the possession need not be exclusive; that joint possession is sufficient. People v. Florman, 77 Ill App2d 158, 222 NE2d 191; People v. Moore, 76 Ill App2d 326, 222 NE2d 95; People v. Reynolds, 27 Ill2d 523, 190 NE2d 301.

For the reasons above expressed, the conviction must be affirmed.

Affirmed.

SCHWARTZ and DEMPSEY, JJ., concur.