**People of the State of Illinois, Plaintiff-Appellee, v. Travis Trotter, Defendant-Appellant.**

**Gen. No. 50,844.**

First District, Fourth Division.

June 16, 1967.

Rehearing denied July 12, 1967.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and David B. Selig, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.
CHARGE: Possession of narcotic drugs.*
JUDGMENT: A jury found the defendant guilty of the illegal possession of narcotics, and the court entered

---

* Ill Rev Stats 1963, c 38, § 22–3. It is unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense or compound any narcotic drug, except as authorized in this Act. No person shall unlawfully use, or be under the influence of or be addicted to the unlawful use of narcotic drugs.

---

* See Callaghan's Illinois Digest, same topic and section number.

389

judgment sentencing the defendant five to ten years in the Illinois Penitentiary.

POINTS RAISED ON APPEAL:

1) Defendant was denied due process of law when the trial judge refused to hear a petition for substitution of judge and refused to conduct a hearing on the motion.

2) It was reversible error for the trial court to permit two police officers to testify before the jury and give the substance of a conversation they said they had with a special police informer outside the presence of the defendant, in which conversation the informer allegedly told the officers the defendant was selling narcotics.

3) In the argument to the jury the Assistant State's Attorney made an inflammatory and prejudicial argument.

EVIDENCE ON BEHALF OF THE STATE: According to the testimony for the State, on July 9, 1964, at about 1:00 p. m., two Chicago police officers, Ernest B. Jamison and Henry Pates, talked to a man who they said was a "special police informer." The officers testified that the informer told them a man named Travis Trotter was selling narcotics at the corner of 44th and State Streets, and had narcotics on his person at the time. The informer gave them a description of Trotter, and the two officers went to the area where they found Trotter who fitted the description given them.

Officer Jamison testified that he observed that Trotter had a newspaper in his hand; that he saw him shake the newspaper and a package of L & M cigarettes fall from the paper to the ground; that he picked up the package and found six tinfoil packs inside which contained a white powder.

Officer Pates testified that he saw the defendant come out of a tavern, at which time he and Officer Jamison stopped him; that he saw Officer Jamison pick up a cigarette package from the ground, open it and dump the contents into his hand, then place the contents in his pocket. Officer Pates stated that he examined the package and saw six tinfoil packets inside. On cross-examination he testified that he did not see the package thrown, and that there were three or four people at the corner when they saw Trotter. There was necessary proof that the tinfoil packets contained narcotics.

EVIDENCE ON BEHALF OF THE DEFENDANT: The defendant, Travis Trotter, testified in his own behalf that on July 9, 1964, he was standing with ten or eleven other people on the corner of 44th and State Streets when a car drove up; that two of the people standing there started to run, and Officer Jamison and another officer got out of the car and chased them. When Officer Jamison returned he ordered the group to line up against the wall. Trotter testified that he was ordered by a policeman "they called Officer King" to get in the car, which he did. He said that Officer King began to search the gutter and found a cigarette package which he said belonged to the defendant, and that when Officer Pates came back to the car with two hypodermic needles and syringes, the defendant was arrested for possession of narcotics, which he denied. The defendant testified that the police officers were Negroes.

Officer Pates was recalled and testified that Officer King was not present at the time in question; that Officer King is white; and that no hypodermic needles or syringes were found on anyone at the time of defendant's arrest.

OPINION: In this opinion we will discuss only two points raised by the defendant in the appeal: that he was not given a fair trial because of the testimony of

Officers Jamison and Pates that they had conversation with a special police informer outside the presence of the defendant, which informer told them the defendant was selling narcotics at the area in question; and that he was prejudiced by the argument of the Assistant State's Attorney.

Officer Jamison had testified that he and Officer Pates talked to a special police informer who told them that Trotter was selling narcotics on the corner of 44th and State Streets and had narcotics on his person at the time, and that the informer described Trotter. No objection was made to the testimony of Officer Jamison. Officer Pates' testimony was substantially the same as that of Officer Jamison, and it was objected to by defendant. The court sustained the objection and ordered Officer Pates' testimony stricken as to what was told him by the informer because it was not in the presence of the defendant. Following that, counsel for Trotter moved for a mistrial, which motion was denied by the court.

██ ██ It is the law that declarations out of court or statements of any kind by a third person against the accused, made in his absence and without his knowledge, are inadmissible as evidence against him. In People v. Smuk, 12 Ill2d 360, 146 NE2d 32, the court said:

> "The rule is elementary and a violation of it is a violation of the constitutional right of the accused that he shall not only be informed of the nature of the charge against him but be permitted to meet the accusing witness face to face."

In that case an objection was made to testimony, and the court said that permitting the hearsay testimony to be received in evidence, with the unqualified sanction of the court's ruling, was highly prejudicial.

While it is true that at the time Officer Jamison was testifying, Trotter's attorney did not make a specific objection to the testimony with reference to the police-

man's conversation with the informer, counsel had objected when the witness stated, "My partner and I made numerous narcotic arrests and narcotic investigation." The court ordered that statement stricken, then said, "What he did with reference to this case is what is important." The question was then asked as to the conversation with the informer. When Officer Pates was called and was asked the same question, defendant's counsel properly objected, and the court sustained the objection.

■ ■ While it is necessary for the defendant to object, during the trial, to the introduction of evidence he considers improper (People v. Williams, 28 Ill2d 114, 190 NE2d 809), in the instant case counsel for Trotter objected to Pates' testimony with reference to the conversation with the informer, which objection was sustained by the court. Immediately thereafter counsel moved for a mistrial, which motion was overruled by the court. However, the State in its argument to the jury, made the following statement:

> ". . . this case briefly can be described by a person working in this building as a throw away case. It is very common with dope peddlers. You must understand in the world of narcotics what a dope peddler on the street has to go through . . . . You also understand that a dope peddler offender is in constant danger of being arrested with the dope in his possession. It is a risk of being a dope peddler. . . ."

The Assistant State's Attorney argued as though it were proved that Trotter was a dope peddler. Counsel for Trotter did not object until the State's Attorney said,

> "Apparently, we don't know why, Trotter either recognized one of the two police officers or he became suspicious, and people like Trotter on the

393

street selling dope can sometimes tell a police officer two blocks away; we don't know why he threw the dope away. . . ."

At that point Trotter's counsel objected and the court overruled the objection. The argument of the Assistant State's Attorney was highly prejudicial. People v. Weinstein, 35 Ill2d 467, 220 NE2d 432; People v. Baxter, 74 Ill App2d 437, 221 NE2d 16.

 In the instant case the evidence of Officer Jamison would not have been properly admitted had there been a proper objection made. The objection is vague. The court properly sustained the objection made to the testimony of Officer Pates; however, the argument of the Assistant State's Attorney is so highly prejudicial that when the court refused to sustain Trotter's objection to it, reversible error was committed.

We will not discuss the other question raised by the defendant with reference to the alleged error in the trial court's not permitting a hearing on the substitution of judges, since the case will be retried, and the question is moot.

The judgment of the Circuit Court is reversed and the cause remanded for a new trial.

Reversed and remanded.

ENGLISH, P. J. and DRUCKER, J., concur.