**People of the State of Illinois, Plaintiff-Appellee,
v. James York, Defendant-Appellant.**

**Gen. No. 67–120.**

Second District.

March 19, 1968.

John Vogel, of Glen Ellyn, for appellant.

William V. Hopf, State's Attorney of DuPage County, of Wheaton, and Frank Wesolowski, Assistant State's Attorney, for appellee.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

Defendant appeals from a judgment of conviction of burglary after a jury trial and a sentence of not less than one year nor more than five years.

The defendant claims reversible error in the voir dire examination of one juror, urging that on the whole record he was thereby deprived of a fair trial.

The record discloses that, after the court had questioned the first panel, the State inquired of the first juror called: "Do you know any attorneys that practice law as far as defense of criminals is concerned?" The court overruled the defense objection to this question. Defendant argues that this resulted in his being labelled as a "criminal," and his counsel demeaned.

Immediately prior to that particular question being asked, the State had inquired of the juror as to acquaintance with anyone in the State's Attorney's office. Following the challenged question the State asked whether the juror could be fair to both sides and whether the juror would sign a verdict of not guilty if the State failed to meet its burden of proof—to which the juror responded affirmatively.

The court, preliminary to the voir dire examination, had carefully and thoroughly explained that the defendant had pleaded not guilty and thereby denied the charge against him; that the jurors were to determine whether defendant was guilty; that the indictment was a mere formal charge and not evidence; that the defendant was presumed to be innocent; and that the burden was on the State to prove the defendant guilty beyond a reasonable doubt. In its examination of the particular juror, the

court inquired whether the juror had any bias or prejudice simply because of the charge that the defendant had committed an offense. The juror answered "No."

At the close of the case the jury was fully instructed on the issue of the presumption of innocence and no error is claimed as to instructions.

The defendant accepted the juror.

■ ■ While the challenged question was inept and objection to it should have been sustained, no substantial error resulted in the context of the entire questioning on voir dire, the admonishment and instructions of the court.

Defendant's argument based on People v. Trotter, 84 Ill App2d 388, 228 NE2d 467 (1967) is not persuasive. There the prosecutor's argument inferred that defendant was guilty of a crime not in evidence. Nor is the case of People v. Harges, 87 Ill App2d 376, 231 NE2d 650 (1967) helpful to the defendant. In that case the defendant was asked before the jury whether he had ever seen the police station before the day he was taken to it in connection with drunken driving charges. This was obviously prejudicially improper as an attempt to bring a prior arrest to the jury's attention, but has no real bearing on the instant case.

The voir dire question here cannot be raised to a similarly prejudicial status. People v. Jenko, 410 Ill 478, 485, 102 NE2d 783 (1952). It is also noted that the defendant did not avail himself of his peremptory challenges, which lends strength to the assumption that the jury was not affected by the remarks. People v. Sleezer, 9 Ill2d 57, 61, 136 NE2d 808 (1956).

The defendant argues that he was prejudiced by the voir dire examination because there was no overwhelming evidence that the defendant took or intended to take anything out of the premises in question; and that many persons had access to the premises.

Defendant's counsel, as public defender, has flagrantly violated the rules requiring the submitting of a suffi-

cient abstract. However, the court has considered the whole record and has concluded that it amply supports the verdict. The case is not close.

The owners of the premises in question testified that they did not give the defendant permission to enter the premises; one of the owners testified that prior to February 28, 1967, she was at her property and everything was in order, and she detailed the items missing after that date. Walter Kowalczyk testified that he had permission to use the premises. He identified a pair of shoes as the pair that were left by him in the property. Detective Odie Smith testified he took the shoes from defendant while he was in custody. Mrs. Kowalczyk testified that she had permission to use the premises and she never gave the defendant permission to enter them; that she was the last person to be in the property prior to February 28th, and she locked the doors securely; that when she went to the premises on February 28th she found a hot pot of coffee on the front room floor; the rear door had the glass broken out; and the premises were described as a "mess." Three sets of fingerprints were found on the premises and identified as those of the defendant—one set on both sides of the glass that was removed from the rear door; one on a bottle and another on a can located in the premises.

The witness Kowalczyk volunteered that he had purchased the shoes at a certain Penney store, and there was direct testimony by the manager of that particular store that they did not carry these sizes in stock. However, on cross-examination, he stated that the size in question could be obtained by special order, and that he placed at least one special order each day. All of these facts went to the weight of the testimony only. The triers of the facts were peculiarly suited to determine questions of truthfulness. People v. Boney, 28 Ill2d 505, 510, 192 NE2d 920 (1963).

■ ■ The purpose of review has often been stated. It is not to decide whether the record is perfect, but to determine whether the defendant has had a fair trial free from substantial and prejudicial errors, and whether his conviction is based upon evidence establishing his guilt beyond a reasonable doubt. People v. Sleezer, 9 Ill 2d 57, 62, 136 NE2d 808; People v. Conrad, 81 Ill App2d 34, 54, 225 NE2d 713 (1967). The fingerprint identification was evidence of the highest order. People v. Malmenato, 14 Ill2d 52, 150 NE2d 806 (1958). That evidence coupled with his possession of the shoes when arrested established the defendant's guilt beyond a reasonable doubt. People v. Napue, 83 Ill App2d 41, 227 NE2d 143 (1967); People v. Wilson, 84 Ill App2d 215, 228 NE2d 585 (1967).

The defendant was proven guilty beyond a reasonable doubt and had a fair trial. The conviction is affirmed.

Judgment affirmed.

DAVIS and MORAN, JJ., concur.