THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JEROME W. TICE, Defendant-Appellant.

Fourth District   No. 13723

Opinion filed February 10, 1977.

James Geis and Richard Steck, both of State Appellate Defender's Office, of Chicago, for appellant.

Paul R. Welch, State's Attorney, of Bloomington (G. Michael Prall and Robert C. Perry, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Defendant was found guilty by a jury of the offense of arson. He was sentenced to a term of imprisonment of not less than 2 nor more than 8 years and appeals his conviction, arguing that reversible error occurred when the jury heard testimony that he claimed his *Miranda* rights (*Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602) and that he was not convicted beyond a reasonable doubt.

During the direct examination of Fire Inspector Hendricks, who investigated the fire and aided in the interrogation of the defendant after his arrest, the State sought to elicit testimony regarding the defendant's in-custody statements. A foundation had been laid showing that the *Miranda* warnings had been given. Hendricks stated that at one point the defendant broke off the interrogation, saying that if the police were going to charge him he should be charged and if not he should be released and that he was not going to answer any more questions. Defendant failed to

object to this answer at trial and failed to raise it as error in his post-trial motion.

■■■ It is clear the testimony relating in exercise of *Miranda* rights by a defendant under interrogation chills those rights guaranteed by the fifth amendment to the United States Constitution and is therefore error of constitutional magnitude. Because of this constitutional dimension, the failure to object to the answer at trial or raise the error in the post-trial motion may not constitute what would normally be construed as a waiver of the error. If the error is apparent on the face of the record and deprives the defendant of a substantial right, no waiver occurs. (*People v. Johnson* (1971), 2 Ill. App. 3d 965, 275 N.E.2d 649.) However, the error may be harmless beyond a reasonable doubt. *People v. Mitchell* (1973), 12 Ill. App. 3d 960, 299 N.E.2d 472.

Both *Johnson* and *Mitchell* concern the admission of testimony regarding the exercise of *Miranda* rights. In both cases the admission was held to be harmless error and the plain error doctrine was held not to apply. There, as here, the testimony was given on direct examination and was not commented upon by either party after it was given. This is to be distinguished from *People v. Kennedy* (1975), 33 Ill. App. 3d 857, 338 N.E.2d 414, where both attorneys commented extensively on defendant's claim of silence at the interrogation stage. In *Kennedy*, the plain error doctrine was applied and the error was found not to be harmless beyond a reasonable doubt.

■■ A recent case also found testimony regarding defendant's refusal to submit to interrogation to be reversible error. (*People v. Robinson* (1976), 44 Ill. App. 3d 447, 358 N.E.2d 43.) There, like *Kennedy,* the prosecutor interrogated the witness intensely regarding defendant's claim of *Miranda* rights and in his closing argument made use of defendant's failure to cooperate with the police. Because defendant had claimed the defense of self-defense, the prosecutor argued, his refusal to talk to the police was inapposite. That is clearly not the situation here. We are of the opinion that the facts here resemble the situation confronted in both *Johnson* and *Mitchell* and that the error committed here, while plain, was harmless beyond a reasonable doubt. We cannot conceive of any way in which the jury was or could have been influenced by this testimony in reaching the verdict.

The act of arson for which defendant was convicted was witnessed by four young men who had been alerted by an unidentified bystander that a fire was in progress. The young men were congregated at the Kentucky Fried Chicken store across the street from the scene of the crime, D.A. Liquors in Bloomington. None of the four witnesses could positively identify the defendant as the man they saw light a match and throw it against the side of the building which caused flames to shoot up the wall. The defendant did, however, match the description given the police by

the youths. The witnesses also told police that defendant drove off in a light colored, late model Valiant. While each witness described the car as having a different color, all descriptions were of a light colored, late model Valiant, a description which matched the car defendant was driving at the time of his arrest. One of the youths was able to note the license number of the car as it was leaving the D.A. Liquors parking lot and called that number in to the police. It was by use of this information that defendant was stopped.

Fire Inspector Hendricks testified that when he investigated the scene of the fire he smelled the presence of an accelerant. One of the boys who stamped the fire out also smelled an accelerant. While fire personnel and the youth differed in describing the accelerant they smelled, scientific tests proved the presence of an accelerant in a portion of the scorched wood taken from the building. The attendant at a gas station located near D.A. Liquors testified that he sold gasoline to a man in a dark car near the time of the fire and put that gasoline in a can identical to the one found in the back seat of defendant's car. He remembered the can because it was an antique.

During his interrogation, defendant admitted there was "bad blood" between himself and the owner of D.A. Liquors because defendant had been going out with the other man's wife, but that defendant could handle the problem. There had been gunplay over the matter the previous weekend. From the failure of the witnesses to positively identify either the defendant or his automobile, the defendant argues he was not convicted beyond a reasonable doubt.

A conviction may rest on the identification testimony of one witness (*People v. Oswald* (1963), 26 Ill. 2d 567, 187 N.E.2d 685) or on circumstantial evidence and the inferences drawn therefrom. (*People v. Dunham* (1973), 13 Ill. App. 3d 784, 300 N.E.2d 328.) Further:

> "The law recognizes that inferential knowledge is utilized, in greater or lesser degree, in arriving at any verdict. This rule has been variously expressed. The most frequent formulation is that 'the trier of fact need not disregard the inferences that normally flow from the evidence' adduced. (*People v. Brown*, 27 Ill. 2d 23, 187 N.E.2d 728.) The rule has also been stated as, 'a conclusion that the defendant is guilty beyond a reasonable doubt need not follow necessarily from the proven circumstances, but may be obtained therefrom by probable deduction.' [Citations.]" *People v. Sanders* (1976), 36 Ill. App. 3d 518, 522, 344 N.E.2d 479, 482.

● 4 Reasonable doubt in circumstantial evidence cases is measured by whether the evidence leaves any reasonable hypothesis of innocence unanswered. Here there is none. The uncertain identification of the occurrence witnesses which serves at least to isolate him against the general population, the identification of defendant's car, the use of the

license number of defendant's car and the gas can found in defendant's car combined with defendant's obvious motive are substantial pieces of the puzzle of this crime when taken together, although alone they may not suffice to support a conviction. There is certainly more evidence against the defendant here than against the defendant in either *People v. Reed* (1968), 103 Ill. App. 2d 342, 243 N.E.2d 628, or *People v. Kincy* (1966), 72 Ill. App. 2d 419, 219 N.E.2d 662, cited by the defendant, where convictions against each defendant were reversed as being not beyond a reasonable doubt and predicated on uncertain identifications. There was sufficient evidence here for the jury to find the defendant guilty beyond a reasonable doubt.

The judgment and sentence of the trial court are accordingly affirmed.

Affirmed.

GREEN and MILLS, JJ., concur.