THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDWIN DEBERRY, Defendant-Appellant.

Fourth District   No. 13630

Opinion filed March 11, 1977.—Modified upon denial of rehearing April 19, 1977.

Richard J. Wilson and Edward R. Green, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur, for the People.

Mr. JUSTICE MILLS delivered the opinion of the court:

Deberry was convicted of theft under $150. On appeal, the dispositive issue raised is whether the State erred in eliciting testimony of defendant's silence before and after his arrest and in arguing to the jury that this silence was proof of defendant's guilt.

We reverse. There must be a new trial.

Deberry, who was working for William Worthy, picked up some tires at a tire store in Decatur. The manager of the store testified that he had told defendant he could take tires from the "scrap" group but that subsequently tires were discovered missing from the "casing" group. Defendant testified that he asked for free tires and that the manager told him he could have tires on the end, which defendant interpreted as being from the groups on both ends. No evidence whatsoever was presented that defendant took tires from the middle group, which were "resellable used" tires and admittedly the best tires of the three groups. Defendant testified that he had taken the "casing" tires but with no felonious intent. The sole question before the jury, therefore, was the question of intent.

The State introduced the testimony of Officer Haun of the Decatur Police Department. Haun was called out to the tire store in the early afternoon of the day of the theft. He received a description of the truck in which defendant had arrived to pick up tires. Later that afternoon Haun saw such a truck filled with tires on a Decatur street and Deberry was sitting alone in the truck on the passenger side. Haun testified as follows:

> "I asked Mr. Deberry where he had gotten the tires. He replied that they had gotten them all over and he began naming towns such as Taylorville, Champaign, etc. And I asked him if he had picked any up in Decatur and about that time Mr. Worthy walked up and Deberry didn't answer.
>
> * * *
>
> I asked him [Worthy] about the tires, where he had gotten them and he told me Champaign and Taylorville. I asked if he picked any up in Decatur and he stated, 'No'. I told him that we had received a report of some stolen tires and he—I had certain numbers to check them with and would he mind if I looked through them and he stated no * * *."

Worthy, defendant's employer and the owner of the truck, was also tried with defendant but was acquitted. There was testimony that Worthy had not been in Decatur when the tires were being picked up.

The State argues that the testimony of defendant's lack of response was impeachment by omission.

■■ Although the tacit admission rule obtains in Illinois and silence in the face of accusation may be shown, this kind of evidence is received with caution and only when it is clearly admissible. (*People v. Aughinbaugh* (1967), 36 Ill. 2d 320, 223 N.E.2d 117.) One of the requirements for admission is that it must affirmatively appear that defendant knew he was being asked about the crime for which he is on trial. (*Aughinbaugh*, 36 Ill. 2d 320, 323, 223 N.E.2d 117, 119.) There is no evidence of that here. The testimony brought out that mention of stolen tires in Decatur occurred only after Worthy's arrival and that no further questions were directed to Deberry until the arrival at the police station.

■■ Silence under these circumstances has little, if any, probative value. The State is, in effect, contending for a rule, not that silence in the face of accusation is admissible, but that failure to volunteer protestations of innocence of unknown crimes is probative of guilt. Silence simply cannot be stretched that far.

The State also elicited testimony from Officer Haun that defendant remained silent after his arrest and after he had been given the *Miranda* warnings. As the United States Supreme Court has stated, post-arrest silence is "insolubly ambiguous" by reason of the *Miranda* warnings. (*Doyle v. Ohio* (1976), 426 U.S. 610, 49 L. Ed. 2d 91, 97, 96 S. Ct. 2240, 2244.) Admission of such testimony is error and violates defendant's constitutional right to remain silent. *People v. Owens* (1975), 32 Ill. App. 3d 893, 337 N.E.2d 60.

■■ No objection was made at trial to the admission of this evidence. But the plain error doctrine has been applied to the admission of testimony of this nature. (*People v. Monaghan* (1976), 40 Ill. App. 3d 322, 352 N.E.2d 295; *People v. McDowell* (1972), 4 Ill. App. 3d 382, 280 N.E.2d 471.) Clearly, the prejudice could not have been harmless. The evidence here was not overwhelming, although we do find it sufficient to support the jury's verdict of guilty. The only issue was one of intent and, therefore, defendant's credibility was particularly crucial. And the prosecutor's closing remarks relied heavily on this testimony as evidence of defendant's guilt. Under these circumstances, we must reverse and grant a new trial.

Reversed and remanded.

TRAPP, P. J., and GREEN, J., concur.