THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
LESTER WALLACE, Defendant-Appellee.

Fifth District     No. 81-202

Opinion filed May 17, 1982.

Donald Weber, State's Attorney, of Edwardsville (Martin N. Ashley and Raymond F. Buckley, Jr., both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Dunham, Boman & Leskera, of East St. Louis (John W. Leskera and Russell K. Scott, of counsel), for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

On July 17, 1980, the defendant, Lester Wallace, was indicted for the offense of arson. The State alleged that on June 18, 1978, the defendant burned a residence located at 3128 West Point, Collinsville, Illinois, with intent to defraud an insurer.

On October 29, 1980, the defendant filed a motion to suppress a tape recorded conversation between himself and his son-in-law, Wayne L. Colter. Mr. Colter, while serving a sentence for armed robbery at the Vienna Correctional Center, had told agents of the Illinois Division of Criminal Investigation that the defendant had paid him to set fire to the residence on West Point Street. In order to obtain evidence, the investigating agents equipped Mr. Colter with broadcasting and recording devices and on May 15, 1980, recorded a conversation between Mr. Colter and the defendant. After hearing the evidence, the trial court denied the defendant's motion to suppress, finding that (1) there was no violation of the defendant's constitutional rights and (2) the State had complied with the statutes regulating the use of eavesdropping devices (Ill. Rev. Stat. 1979, ch. 38, par. 108A—1 *et seq.*).

On May 4, 1981, the defendant filed a motion in limine which sought to exclude evidence of other fires and insurance claims mentioned in the taped conversation. Defendant stipulated at the hearing on the motion that a 26-page transcript presented by the State accurately reflected the conversation. The defendant argued that the taped conversation was irrelevant and prejudicial and, therefore, should be excluded. The State urged that (1) the taped conversation was admissible because the defendant's silence constituted an admission regarding the charged offense and (2) the discussion concerning arson for profit demonstrated the relationship of the parties, the defendant's knowledge of the fires, and the existence of a continuing scheme. The trial court granted the defendant's motion in limine and excluded the conversation in its entirety stating:

> "The Court finds that the matters are not relevant. The prejudicial effect of that tape would deprive the Defendant of a fair trial, and from a careful review of the tape it is in the Court's opinion a discussion of hypothetical situations or matters, and not admissions."

Pursuant to Supreme Court Rule 604(a)(1) (73 Ill. 2d R. 604(a)(1)), the State appeals this ruling.

■■ The defendant contends that the order excluding the taped conversation is an evidentiary ruling which the State may not appeal under Supreme Court Rule 604(a)(1). (*People v. Van De Rostyne* (1976), 63 Ill. 2d 364, 349 N.E.2d 16.) However, our supreme court has held that "Rule 604(a)(1) allows an interlocutory appeal by the State of a pretrial suppression order whenever the prosecutor certifies to the trial court that the suppression substantially impairs the State's ability to prosecute the case." (*People v. Young* (1980), 82 Ill. 2d 234, 247, 412 N.E.2d 501, 507.) We find *Young* to be dispositive of this contention; therefore, we hold that the State may appeal the exclusion order entered in the instant case.

While recognizing that *Young* extended the State's right to appeal

from a pretrial order excluding evidence, the defendant argues that its holding is limited to orders involving constitutional or statutory considerations and that the State may not appeal from pretrial orders which, as here, are based solely upon evidentiary considerations. We disagree. In deciding that it is not necessary to restrict interlocutory appeals to search and seizure questions, the court in *Young* observed that refusing to allow an interlocutory appeal from an order suppressing admissible evidence may seriously impair the State's ability to present its case and further expressed concern that without the guidance and uniformity imposed by reviewing courts, erroneous interpretations and rulings may proliferate at the trial court level. (82 Ill. 2d 234, 246-47, 412 N.E.2d 501, 507.) The reasoning and concerns of the Illinois Supreme Court in *Young* compel the conclusion that the court intended to permit the State to appeal from pretrial exclusion orders involving evidentiary questions, as well as statutory and constitutional considerations. Therefore, we reject the defendant's attempt to distinguish *Young* on this ground.

The State contends that the trial court erroneously suppressed the taped conversation between the defendant and Mr. Colter. In support of this contention the State advances two theories. First, it is argued that a portion of the conversation can be construed as a tacit or implied admission of guilt on the part of the defendant. The State also argues that portions of the conversation alluding to other fires were admissible as showing motive, *modus operandi*, and the relationship between the parties.

The State maintains that the following excerpt constitutes a tacit admission by the defendant which should have been admitted into evidence:

"C/S [Colter]: Did that fucking insurance ever pay off on that house I burned?

Wallace [Defendant]: No.

C/S: Never paid you nothin' huh?

Wallace: Never got a dime. Not on mine—Sue got hers.

C/S: No, I'm talking about that one on West Point.

Wallace: Oh, West Point, yeah, we got—

C/S: The one I burned.

Wallace: Yeah, I'm talking about the one out here on Princeton. Hell, we had another one since then, you know.

C/S: What'd you do, get rid of that motherfucker?

Wallace: Huh?

C/S: Did you have that one done?

Wallace: No, hell, no. Somebody burned mine and Sue's the same damn night. Sue moved out over to Missouri (U/T) to Indiana and Saturday night, I believe it was on Saturday night, hers

burnt and an hour and ten minutes later, mine burnt down on Princeton.

\* \* \*

C/S: Did you tell Jim that you had me burn that house on West Point?

Wallace: Hell, no.

C/S: I was just wondering 'cause, uh, not too long [ago] I got locked up, (U/T) mention something to me that he thought you had that house burned.

Wallace: Oh, fuck no.

C/S: And I said I didn't know and he said you was going to be in for a surprise 'cause the insurance wasn't going to pay off or something.

Wallace: The insurance did pay off.

C/S: It did pay off?

Wallace: It took nine months or so to get it through. They didn't think it would (U/T).

Wallace: It finally paid off.

C/S: I didn't think you told anybody.

Wallace: Oh, why you know I ain't that full of shit to tell nobody. I don't know shit. I don't know who done that. As far as me knowing, I don't even know, I don't know that you did that or somebody else (U/T).

C/S: All you did was stand there and watch them, didn't you?

Wallace: Shoot, nobody's gonna know that. They can't tell me what I know, I don't know nothin' man.

Wallace: But this one down here, mine and Sue's, that was a coincidence there, because I'd swear before man and God I know nothing about that. I was getting ready to move into that house up there. You know the one I'm talking about, 3111, right across from Richard and Donna's.

C/S: Yeah. That's the one behind the station.

C/S: Yeah. It burned?

Wallace: Yeah, it burned. Gutted it all out. Practically burned it to the ground. (U/T). Some kids went down there and piled up paper in the basement and set the damn stuff on fire (U/T)."

In the order appealed from, the trial court found that no admission was made during this conversation.

■■ ■ Evidence should be received under the tacit admission rule only when it is clearly admissible. (*People v. Aughinbaugh* (1967), 36 Ill. 2d 320, 322-23, 223 N.E.2d 117, 119; *People v. Deberry* (1977), 46 Ill. App. 3d 719, 721, 361 N.E.2d 632, 634.) While evasive, equivocal or unresponsive

replies to accusations of crime may, like silence, constitute an admission, an unequivocal denial of the charge is not admissible, nor is a strong showing of nonacquiescence in the statement. *People v. Morgan* (1976), 44 Ill. App. 3d 459, 462-64, 358 N.E.2d 280, 283-84.

■■ We conclude that the above-quoted dialogue is sufficient to constitute an admission of guilt on the part of defendant. Both the accusation of criminality and the defendant's response are not ambiguous so as to justify a conclusion that the defendant had not admitted his guilt. Indeed, the defendant admitted the offense charged when he responded to Mr. Colter's remark that he (Colter) did not think defendant had told anyone about the house being set afire. In effect, defendant replied to the inquiry as to whether he had told anyone by saying that he was not that dumb. Further, when Mr. Colter remarked to defendant that all he (defendant) did was to stand there and watch them, defendant replied: "Shoot, nobody's gonna know that. They can't tell me what I know, I don't know nothin' man." Such statements go beyond silence on the part of a defendant when faced with an accusation of guilt. The substance of the quoted conversation is that defendant and Colter were discussing the burning of a house by Colter for defendant.

Because of our conclusion that the quoted verbal exchange between Mr. Colter and defendant constitutes an admission of guilt on the part of the defendant, we need not consider the State's assertion that certain other portions of the conversation which concerned the crime of arson for profit were admissible as establishing motive, *modus operandi*, and the relationship between the parties.

For the above stated reasons, the judgment of the circuit court of Madison County is reversed and this cause is remanded to the circuit court of Madison County for further proceedings not inconsistent with this opinion.

Reversed and remanded.

JONES and HARRISON, JJ., concur.