STATE OF WEST VIRGINIA

*v.*

CHARLES YOUNGER

(No. 9916)

Submitted May 6, 1947. Decided May 27, 1947.

*Ira J. Partlow,* Attorney General, and *J. Chandler Curd,* Assistant Attorney General, for plaintiff in error.

No appearance for defendant in error.

HAYMOND, JUDGE:

This writ of error presents the question of the sufficiency of a warrant, issued by a justice of the peace of

Preston County, West Virginia, on October 10, 1946, which charges that the defendant, Charles Younger, "did commit a Misdemeanor, in that he, the said Charles Younger on the 9th day of October, 1946, and prior to the issuance of this warrant, in said County, did unlawfully appear in a public place in an intoxicated condition, to-wit: on the streets of Kingwood, a Corporation in said County."

The defendant was tried upon the warrant before the justice, was convicted, and was sentenced to pay a fine of $10.00 and costs and to be confined in the jail of Preston County for a period of ten days. He appealed from the judgment of the justice to the Circuit Court of Preston County.

When the case was docketed for hearing in that court the defendant made a motion to quash and entered his written demurrer to the warrant. Five separate grounds were assigned in support of the motion to quash and the demurrer. The circuit court, being of the opinion that three of the assignments were well taken, sustained the demurrer. The case is here on writ of error granted upon the petition of the State of West Virginia.

Though the order entered by the circuit court does not in terms dismiss the proceeding and merely sustains the demurrer, such order is in effect a final judgment which is reviewable by writ of error. At common law a judgment which sustained a demurrer to an indictment because fatally defective in substance and incapable of amendment operated to discharge the prisoner and was considered as final. Action of a trial court in sustaining a demurrer to a warrant in a criminal case in which an appeal is pending in such court is a final judgment and is reviewable by writ of error. *State* v. *O'Brien,* 102 W. Va. 83, 134 S. E. 464. In that case this Court concluded that by virture of the statute then in effect, Section 31, Chapter 135, Code of West Virginia, 1923, which, with amendments which do not here apply, is embodied in Section 30, Article 5, Chapter 58, Code of West Virginia, 1931, a writ of error may be obtained by the State to secure a review by this Court of

the judgment of a circuit court which holds that a warrant is bad or insufficient.

In substance, the grounds upon which the circuit court based its action in sustaining the demurrer were: (1) failure to specify an ordinance or a statute on which to base the warrant; (2) failure to state the particular conduct of the defendant; and (3) failure to state any specific offense. The State vigorously challenges in this Court the sufficiency of any of these assignments. No brief has been filed and no appearance has been entered here in behalf of the defendant.

It is manifest, from the language of the warrant, that the alleged offense did not consist in the violation of any municipal ordinance. The jurisdiction of a justice of the peace in criminal cases is conferred by statute, *State v: McKain,* 56 W. Va. 128, 49 S. E. 20; and in the absence of such statutory authority a justice is without jurisdiction to try and determine an offense which results from violation of a municipal ordinance. In this case it may not be presumed that the justice had issued a warrant for an offense which he had no power to entertain or consider.

It is evident that the offense charged proceeded from the alleged violation by the accused of a statute of this State. Two criminal statutes which apply to a person under the influence of intoxicating liquor in a public place were in force and effect when the act charged against the defendant is alleged to have been committed by him. One of these statutes, Section 9, Article 6, Chapter 14, Acts of the Legislature of 1937, Regular Session, declares that a person shall not "appear in a public place in an intoxicated condition" and that any person who violates that provision of the statute shall be guilty of a misdemeanor and, upon conviction, punishable by fine of not less than five dollars nor more than one hundred dollars, or by confinement in jail not more than sixty days, or by both such fine and imprisonment. The other statute, Section 15, Article 8, Chapter 61, Code of West Virginia, 1931, states that if any person who has reached the age of discretion shall get

drunk in public, he shall be fined by a justice one dollar for each offense. In charging the offense, the warrant uses the identical words of the statute passed by the Legislature at its regular session in 1937. That the warrant is based upon that particular statute is clear beyond question. A warrant which charges a statutory offense is sufficient when it substantially follows the language of the statute, if it fully informs the accused of the particular offense with which he is charged and the court can determine the statute upon which the charge is based. *State* v. *Crummitt,* 129 W. Va. 366, 40 S. E. 2d 852. See *Browsky* v. *Perdue,* 105 W. Va. 527, 143 S. E. 304, 66 A. L. R. 629n. A warrant which complies with the foregoing conditions satisfies the requirement of the statute that it shall describe the offense alleged to have been committed, Section 4, Article 18, Chapter 50, Code of West Virginia, 1931, and the constitutional mandate that the accused shall be fully and plainly informed of the character and the cause of the accusation, Section 14, Article III, Constitution of West Virginia.

The warrant here under consideration not only employs the precise words of the statute and fully informs the defendant of the specific offense which he is alleged to have committed, but it also indicates, by the language used, the particular statute upon which the charge is founded. Its terminology clearly identifies, and is sufficient to enable the court to determine, the statute involved. As it satisfies every essential requirement it is a good and sufficient warrant upon which to try the defendant for the offense which it charges against him. The action of the trial court in sustaining the demurrer was erroneous.

The judgment of the Circuit Court of Preston County is reversed and this proceeding is remanded to that court with directions that the defendant be brought to trial upon the warrant for the offense charged against him.

*Reversed and remanded with directions.*