STATE OF CONNECTICUT *v.* TERRY CARTER

Decided August 21, 1958

*Terry Carter,* the defendant, pro se.

*Lorin W. Willis,* state's attorney, for the state.

BY THE DIVISION. On October 2, 1956, defendant, age thirty-one, having pleaded guilty, was sentenced by the Superior Court at Bridgeport to a term of not less than ten nor more than twelve years in the state prison for women as a second offender for violating the Uniform State Narcotic Drug Act. The sentence was made to run concurrently with a sentence of not less than five nor more than ten years to the same institution imposed on March 17, 1956, for a previous narcotics violation, the previous suspension of which was revoked.

On August 23, 1956, the police, acting upon information, arrested the defendant and took her to police headquarters, where she was searched by a policewoman. Concealed upon her person was found the usual paraphernalia of an addict. Heroin was incrusted on the bottle cap, and the defendant admitted ownership of the setup.

These two sentences had their beginning several months earlier when, having been a narcotics user for about two years, she walked into the local police station and requested she be arrested because she was an addict and wanted help to break away from the habit. In consequence she received a thirty-day sentence to the county jail on February 17, 1956. The short abrupt withdrawal period apparently was not sufficient to prevent her return to the habit and on March 17, 1956, she was again arrested as a narcotics violator. On July 18, 1956, convicted of violating the Uniform State Narcotic Drug Act, she was sentenced to the state prison for women for not less

than five nor more than ten years, the execution of which was suspended, and she was placed on probation for three years. On July 28, 1956, while on probation, she was arrested for the current offense. This led to her conviction as a second offender on October 2, 1956, as above mentioned.

The sentencing court had the following prior criminal record before it:

March 3, 1944—Groton—manifest danger of falling into habits of vice—committed to state farm, Niantic.

March 13, 1944—state farm, Niantic—manifest danger—until twenty-one years old.

January 18, 1945—New London—minor in danger of vice—committed to state farm for women.

February 17, 1948—New York City—§ 887-4a (prostitution)—three months, execution of sentence suspended.

March 1, 1948—New York City—§ 887-4a (prostitution)—three months, execution of sentence suspended.

April 7, 1950—Bridgeport—prostitution—sixty days.

September 21, 1950—Bridgeport—prostitution—thirty days.

July 2, 1951—Bridgeport—prostitution—ninety days.

March 23, 1955—Bridgeport—breach of peace and prostitution—five months, minimum.

February 17, 1956 — Bridgeport — vagrancy — thirty days.

March 17, 1956—Bridgeport—narcotics (see next item).

July 18, 1956—Bridgeport—narcotics—five to ten years, execution of sentence suspended, probation for three years.

The grievance of the defendant is that she does not believe she should have been charged as a second offender because the first conviction resulted from a voluntary disclosure by her of her addiction to the drug and submission to arrest in an attempt to break the habit.

When last presented in court, the suggestion of the public defender representing her that the court invoke the earlier sentence only and suspend the sentence as a second offender was rejected by the court because of her refusal to cooperate with the law enforcement authorities in revealing her sources of supply.

The circumstances of the case appear to us to recommend a more lenient sentence. The gist of the background of her convictions is that as an addict, she voluntarily submitted herself to arrest in an effort to break away from the narcotic habit, and provoked a minimum sentence of ten years as a second offender in her attempt to do so.

The offender's personal history shows that she has had a difficult time all her life, beginning from early girlhood. Never having known a home situation in the ordinary sense, without the usual parental guidance and affection, facing economic standards below average and of physical characteristics which made it difficult for her to associate with either white or colored persons, she took the "easy way out," although working intermittently as a waitress, domestic and laundry worker. The lack of sound, early counseling and guidance, especially in matters pertaining to moral standards, religion and sex appear to have been contributing factors of her difficulties.

Her relapses into the habit following her release from county jail and while on probation following her sentence on July 18, 1956, were not necessarily in derogation of a continued desire for a cure, in view of the compulsive nature of the habit, the relatively short space of time for which it may be inferred she had been withdrawn from the habit and the environment to which she very probably was compelled by circumstances to return. Her refusal, so-called, to cooperate with the court was more apparent than real.

The presentence report notes several personal, mental and intellectual qualities which can help fortify a hopeful basis for a return to accepted standards of conduct, particularly if there be present a firm resolution held in good faith by her to this end. In view of the self-induced first narcotics conviction and the other circumstances of the case, the sentencing goals would appear to be reasonably satisfied by less severe corrective treatment.

Accordingly, the above case is hereby ordered remanded to the Superior Court with directions to impose the following sentences:

a. That the sentence of not less than ten nor more than twelve years to state prison for women imposed October 2, 1956, be indefinitely suspended; and

b. That as to the sentence originally imposed on March 17, 1956, the suspension of such sentence be revoked and the defendant ordered to stand committed to the state prison for women for a term of not less than five nor more than ten years commencing as of October 2, 1956.

Thim and Pastore, Js., participated in this decision.