THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CONLEY WINTERS, Defendant-Appellant.

(No. 74-275;

Third District—February 21, 1975.

William Makovic, of East Peoria, for appellant.

C. Brett Bode, State's Attorney, of Pekin (Jay H. Janssen, Assistant State's Attorney, of counsel), for the People.

PER CURIAM:

This is an appeal from a judgment of the Circuit Court of Tazewell County finding defendant Conley Winters guilty of unlawful delivery of a controlled substance (heroin) pursuant to which he was sentenced to the penitentiary for an indeterminate term of not less than 1½ years nor more than 5 years.

On appeal in this court defendant asserts (1) that he was not fully admonished concerning the minimum and maximum sentences prescribed by law in compliance with Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402), (2) that at the presentence hearing, defendant was not allowed a full opportunity for presentation of evidence in mitigation, (3) that the argument by the assistant State's attorney to the court at the hearing in aggravation and mitigation prior to sentence was not within proper limits, and (4) that for reasons shown of record in the cause the sentence imposed of not less than 1½ nor more than 5 years was excessive and should be reduced or that defendant should have been eligible for probation or a lesser sentence.

While defendant was a high school senior he was indicted on three counts of unlawful delivery of a controlled substance, one being for LSD, another for amphetamines, and the third for .3 of a gram of heroin. On March 25, 1974, the date the cases were reached for trial, defendant informed the court that he desired to withdraw his plea of not guilty to the count of the indictment with respect to the sale of heroin. There was no negotiated plea agreement in the case. Defendant was represented by private counsel.

The defendant was thereafter admonished fully by the trial court before the plea of guilty was accepted and particularly was told that the plea of guilty could result in a sentence of imprisonment in the penitentiary for an indeterminate term, the duration of which could not be less than one year nor more than 20 years and that within those limits

the court could fix the minimum and maximum terms. The court illustrated the possible types of sentences which might be imposed, all of which ranging from 1 to 3 years to 6 to 20 years. Defendant indicated he understood the admonition clearly. The People dismissed Counts I and II of the indictment, retaining only the charge relating to the heroin. The factual basis of the sale to an I.B.I. agent was clearly described and shown, and the facts recited were admitted by defendant.

■■■ Defendant contends that the trial court's admonitions were inadequate in that the court failed to advise him that his prior good record would not qualify him for periodic imprisonment, for probation or for the minimum required by statute. It is clear from the record that the trial court clearly illustrated the potential sentences and that defendant could have been under no illusion that he would receive probation or periodic imprisonment or a minimum sentence as he contends. It is also contended that during the hearing in aggravation and mitigation, the trial court improperly prevented defendant from entering evidence in mitigation. The evidence referred to related to circumstances surrounding the offense to which defendant pleaded guilty. In his argument for a lesser penalty, counsel for defendant stated that there were repeated attempts by the arresting agents to persuade defendant to obtain the heroin. This was asserted to show the hesitancy with which defendant committed the offense. The prosecutor objected to the statement on the ground that it pertained to the guilt or innocence of defendant. The court simply responded by stating that the issue would be better understood if information came from the participants instead of from the argument of counsel. Defendant's attorney agreed. It appears, therefore, that the trial judge did not foreclose defendant from offering the desired evidence. He simply suggested it be given in a different form. Defendant had ample opportunity to testify as to such matters or to present evidence in support of this contention if so desired.

■■ It is also contended that the prosecutor's argument to the court at the conclusion of the sentencing hearing constituted reversible error when the prosecutor referred to heroin as "poison" and stated that .3 of a gram involved in the case was a substantial amount and that he would be remiss if as prosecutor he did not urge imprisonment as the sanction to be imposed. A prosecutor is given much latitude in the language and manner of presenting his case in closing argument and is entitled to comment on the actions of defendant, particularly when made to a court out of the presence of a jury. Under such circumstances, it is obvious that there would be no reversible error by reason of the prosecutor's argument. *People v. Fort*, 14 Ill.2d 491; *People v. Drumwright*, 48 Ill.App.2d 392.

The basic issue raised by defendant is a contention that the imposition of a sentence with a minimum term 6 months greater than the minimum specified by the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(3)) was improper. The violation of the statute with respect to the sale of heroin (Ill. Rev. Stat. 1973, ch. 56½, par. 1401(b)), results in a Class 2 felony punishable by a minimum term of 1 year unless the court "having regard to the nature and circumstances of the offense and the history and character of defendant, sets a higher minimum." The trial court had before it a presentence report compiled by a probation officer in which the probation officer indicated defendant had a potential for rehabilitation either with or without incarceration. The father of defendant testified that defendant had resided with his parents since birth. A clinical psychologist, who was familiar with defendant, testified that, in his opinion, incarceration would serve no useful rehabilitative function. Defendant admitted remorse for his conduct and felt he would exhibit a more exemplary behavior in the future. Defendant had been permitted to remain in high school, and the proceedings were delayed until after he had graduated. Defendant in expressing remorse indicated he was unduly influenced by the peer group with whom he associated in high school.

■■ In the record before us, there was no evidence in aggravation but simply evidence in mitigation. The defendant had no previous criminal record. While the sentence was within the prescribed limits and not excessive under normal considerations, it appears from the record, in view of the presentence report and evidence presented before the court, that there was no evidence which, considering the history and character of defendant and the nature and circumstance of the offense, would call for a minimum greater than 1 year. While we are normally reluctant to modify a sentence which is within the statutory limits and feel that such sentence should normally be left to the trial judge, it appears from the record that nothing substantial from the standpoint of protection of society or rehabilitation of defendant could be achieved by the additional 6 months added to the minimum in this cause.

We accordingly conclude that the minimum sentence should be reduced to 1 year so as to give more opportunity for rehabilitative procedures on the part of prison authorities in this cause. The sentence imposed on defendant is, therefore, modified to reduce the minimum to 1 year and, as modified, the judgment and sentence in this court are affirmed.

Modified and affirmed.