THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PAULEY GAMA, Defendant-Appellant.

(Nos. 74-285, 74-321 cons.; 

Third District—December 11, 1975.

James Geis, of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant, Pauley Gama, plead guilty to delivery of more than 30 grams of a controlled substance in the Circuit Court of Peoria County, No. 74-321, and was sentenced to 6-18 years in the penitentiary. He also plead guilty to calculated criminal drug conspiracy in the Circuit Court of Putnam County, No. 74-285, and was sentenced to 6-18 years, with the sentence to run concurrently with the Peoria County sentence. The cases have been consolidated for purposes of appeal.

The sole issue presented for review is whether the sentences are excessive. Defendant seeks a reduction in each case to the statutory minimum of four years' imprisonment.

On November 8, 1973, the Peoria County grand jury returned an indictment against defendant and Joseph Diaz, a codefendant for delivery of more than 30 grams of a substance containing cocaine. Defendant entered a plea of guilty on March 11, 1974, with no agreement between defendant and the prosecution as to a recommended sentence. Ac-

cordingly, a date was set for the sentencing hearing and a presentence report was prepared.

At the hearing, an IBI agent testified to a series of transactions in which he purchased narcotics (heroin, cocaine and amphetamines) from defendant on three separate occasions over a 1½-month period, with one of these purchases being the subject of the Putnam County charge. The total value of these sales was $15,600. There was also evidence of a La Salle County conviction for another sale apparently related to this series of transactions, for which defendant had received a sentence of 4-12 years in the penitentiary. The IBI agent stated that, in his opinion, defendant was working for himself. A probation officer, called by defendant, testified that defendant was a runner for Joseph Diaz, a co-defendant. However, he stated on cross-examination that defendant also worked for another supplier.

In the Putnam County proceeding defendant waived a presentence report and declined to present mitigating evidence. The court was then informed of the La Salle County and Peoria County offenses.

It is well established that a reviewing court should use its power to reduce sentences sparingly and with caution, and only where the penalty constitutes a great departure from the fundamental law or its spirit and purpose. (*People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673 (1965).) This court will not substitute its judgment for that of the trial court, nor will this court disturb the sentence unless the record indicates an abuse of discretion. *People v. Partee*, 29 Ill.App.3d 423, 331 N.E.2d 111 (3d Dist. 1975); *People v. Cross*, 27 Ill.App.3d 785, 327 N.E.2d 81 (3d Dist. 1975).

In the instant case, the court in Peoria County heard testimony concerning several related sales of large quantities of narcotics, and could also consider the recent conviction in La Salle County. In most instances, the narcotics involved were those which the legislature has deemed the most dangerous. (Ill. Rev. Stat. 1973, ch. 56½, §§ 1401, 1411.) There was further evidence that defendant was working with one, and perhaps two, suppliers.

*People v. Hudson*, 97 Ill.App.2d 362, 240 N.E.2d 156 (1st Dist. 1968), *cert. denied*, 394 U.S. 1005, 22 L.Ed.2d 783, 89 S.Ct. 1603 (1969), cited by defendant, is clearly inapposite. There, defendant's sentence of 20-40 years was reduced where the record showed an isolated sale of a small quantity of narcotics. See also *People v. Brown*, 32 Ill.App.3d 10, 335 N.E.2d 512 (3d Dist. 1975).

On the basis of the foregoing, we do not believe that we would be justified in reducing defendant's sentences. Having reviewed the record, we do not find that the imposition of a higher than minimum sentence was an abuse of the trial court's discretion.

Accordingly, the judgments and sentences of the Circuit Courts of Peoria and Putnam Counties are affirmed.

Affirmed.

STOUDER, P. J., and BARRY, J., concur.