STATE OF WEST VIRGINIA

*v.*

WILLIAM ROBERT BELCHER

(No. 13863)

Decided June 21, 1978.

*Marshal G. Walls* for plaintiff in error.

*Chauncey H. Browning*, Attorney General, *Pamela Dawn Tarr*, Assistant Attorney General, for defendant in error.

CAPLAN, CHIEF JUSTICE:

William Robert Belcher was charged with murder in an indictment returned by a grand jury serving the Circuit Court of McDowell County. Upon trial by a jury he was found guilty of murder of the second degree and a judgment of conviction was entered by the court. This appeal followed.

The defendant, William Robert Belcher and his wife, Barbara, were divorced in May, 1973. The custody of the three children born of the marriage was awarded to Barbara who, shortly thereafter, married David Bayles. During a visit, which was reluctantly permitted, the defendant and his wife's new husband engaged in loud and angry argument over visitation rights and payment of support money for the children. This fracas led to the shooting and homicide which is the subejct of this case. The defendant admittedly shot and killed David Bayles but alleged that such shooting was in self defense and was therefore justified.

As might be expected, there was a conflict in the evidence as to the actual shooting. The family of the de-

ceased testified that the defendant fired first and that the deceased never did "pull" his gun. However, the testimony in the record does indicate that Bayles had a gun, fired it once and that the gun had been thrown into the Mud River by a brother-in-law of the deceased. Upon the evidence thus adduced the jury found William Robert Belcher guilty of second degree murder.

The many errors assigned by the defendant may be summarized as follows: (1) the conviction is contrary to the law and the evidence; (2) the giving of instructions offered by the state numbered 1, 3,4,5,6 and 7; and, (3) that the defendant was denied due process of law in that his defense was impeded by reason of the conduct of the family of the deceased in disposing of the deceased's gun.

As to the first assignment of error, the Court, upon careful examination of the record, finds that there was sufficient evidence to support the jury's verdict. That assignment is, therefore, without merit.

Regarding the error assigned by the giving of certain state instructions, we find that the assignments relating to instructions 1,5,6 and 7 do not warrant a reversal. State's instruction No. 1 informed the jury of the possible verdicts it may return, described the offenses and noted the statutory penalty for each offense. It has been held repeatedly by this Court that the giving of an instruction advising the jury of the verdicts which may be returned on an indictment, defining the elements of the offenses covered thereby, and stating the punishment which may be imposed following a conviction, is not error. Noting that jurors are not presumed to be familiar with the constituent elements of the various degrees of homicide, the Court has stated that such instruction is helpful and proper. *State v. Roberts*, 122 W. Va. 536, 11 S.E.2d 172 (1940); *State v. Whitt*, 96 W. Va. 268, 122 S.E. 742 (1924). See *State v. Franklin*, 139 W. Va. 43,79 S.E.2d 692 (1953); *State v. Painter*, 135 W. Va. 106, 63 S.E.2d 86 (1950); and *State v. Allen*, 131 W. Va. 667, 49 S.E.2d 847 (1948).

Instruction No.5 informed the jury that the intent to kill need not exist for any particular length of time prior to the actual killing. Such instruction has consistently been approved by this Court and the giving thereof does not constitute error. *State v. Shaffer*, 138 W. Va. 197, 75 S.E.2d 217 (1953); *State v. Burdette*, 135 W. Va. 312, 63 S.E.2d 69 (1951); *State v. Porter*, 98 W. Va. 390, 127 S.E. 386 (1925).

The defendant complains that State's Instruction No. 6, which informed the jury that the defendant had the burden of proving self defense, was an impermissible shifting of the burden to the defendant. This complaint is without merit and such instruction, while it in no manner relieves the state of the obligation to prove every material element of the crime beyond a reasonable doubt, has been approved by this Court on several occasions. *State v. Pendry*, ___ W. Va. ___, 227 S.E.2d 210 (1976); *State v. Zannino*, 129 W. Va. 775, 41 S.E.2d 641 (1947); *State v. Coontz*, 94 W. Va. 59, 117 S.E. 701 (1923).

Instruction No. 7 informed the jury that the accused is presumed to be innocent and that such presumption goes with him through all stages of the trial. It further tells the jury that the state must prove guilt beyond a reasonable doubt. The description of "reasonable doubt" is objected to by the defendant. He complains of the language: "If, after having carefully and impartially heard and weighed all the evidence, you reach the conclusion that the defendant is guilty with such degree of certainty that you would act upon the faith of it in your own most important and critical affairs, then the evidence is sufficient to warrant a verdict of guilty. While we do not particularly approve this definition, we do not believe that such language, considering the instruction as a whole, constitutes reversible error.

State's Instruction No. 3 noted that malice is a necessary element of the crime of murder and that it may be either express or implied. After further describing malice, the instruction continued:

"Thus, on a charge of murder, malice is presumed from the fact of killing, when the killing has been proved and is unaccompanied by circumstances of palliation, and the burden of introducing evidence to rebut such presumption rests upon the accused."

This instruction, says the defendant, permits malice, an element of the crime charged, to be proved by a presumption and impermissibly relieves the state of its legal obligation to prove beyond a reasonable doubt every material element of the crime. The defendant further asserts that the instruction constitutes reversible error in that it requires the defendant to introduce evidence to rebut the presumption or to bear the burden of proving the contrary.

In *State v. Pendry,* supra, which relied upon *Mullaney v. Wilbur,* 421 U.S. 684, 95 S. Ct. 1881, 44 L. Ed. 2d 508 (1975), the Court noted that:

"(1) In a criminal case, the State is required to carry the burden of proving beyond a reasonable doubt every material element of the crime with which the defendant is charged; (2) In carrying its burden of proof beyond a reasonable doubt, the State is not entitled to an instruction which requires a jury to accept as proved beyond a reasonable doubt any element of the criminal offense charged, and this concept embraces presumptions (more properly inferences) as to which the jury may be instructed; and (3) A defendant in a criminal case cannot be required to present evidence either in terms of going forward with the evidence or in terms of bearing the burden of persuasion in connection with any material element of the crime charged."

Applying the foregoing to the instant case, we find that State's Instruction No. 3 did require the jury to accept as proved beyond a reasonable doubt the element of malice, simply by proof of the killing. The instruction further erroneously cast the burden of rebutting the presumption of malice upon the defendant, thereby re-

quiring him to present evidence in support of such rebuttal. This error requires the reversal of the judgment of the trial court.

Except for the names, State's Instruction No. 4 is identical to State's Instruction E in *Pendry, supra,* which was expressly disapproved by this Court. Instruction No. 4 reads:

> "The Court instructs the jury that the law is that a man is taken to intend that which he does, or which is the natural and necessary consequences of his own act; and, therefore, if they believe from the evidence that William Robert Belcher shot and killed the deceased, David Crockett Bayles, by the deliberate use of an instrument likely to produce death, under the circumstances, then the presumption of the law, arising in absence of proof to the contrary, is that he intended the consequences that resulted from said use of said deadly instrument."

We adhere to the principles expressed in *Pendry, supra,* and find that Instruction No. 4 constitutes reversible error.

Although, as noted by the State, the record in the instant case revealed substantial evidence tending to show the existence of malice and intent on the part of the defendant, the jury was incorrectly instructed on the law. That this is not permissible is demonstrated by the following expression of the Court: "An instruction which does not correctly state the law is erroneous and should be refused." *State v. Collins,* 154 W. Va. 771, 180 S.E.2d 54 (1971). Clearly, a jury, to properly perform its function, must receive from the court a correct statement of the law pertaining to the case.

In the third assignment of error the defendant complains that his defense was impeded by the conduct of the deceased's family. This assignment is without merit. He refers to the evidence showing that the deceased's brother-in-law disposed of the deceased's gun. The defendant contends that the production of this gun would

666

tend to prove deceased fired more than one shot during the fracas. Neither the defendant nor any of his witnesses contended that deceased fired more than twice. This evidence was presented to and considered by the jury. The production of the gun would not have added materially to defendant's defense.

For the reasons stated herein, the judgment of the Circuit Court of McDowell County is reversed and the case is remanded for a new trial.

*Reversed and remanded*
*for a new trial.*