State of West Virginia

*v.*

Deborah L. Dozier

(No. 14273)

Decided June 7, 1979.

*Robert F. Cohen, Jr.,* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *Frances W. McCoy,* Assistant Attorney General, for defendant in error.

McGRAW, JUSTICE:

Approximately one year after this Court's pronouncement in *State v. Pendry,* ___W. Va.___, 227 S.E.2d 210 (1976), a case which generally condemns the use of presumptions in criminal cases, the defendant was tried and convicted of first degree murder with a recommendation of mercy in the Circuit Court of Jefferson County. The defendant was represented by a court-appointed attorney. We granted a writ of error to that conviction and now reverse.

The principal assignment of error is that defendant's Instruction No. 6 unconstitutionally deprived the defendant of due process as guaranteed by the federal and state constitutions.

Defendant's Instruction No. 6 reads:

> The Court instructs the jury that where a homicide with a deadly weapon is proved, malice is implied and the presumption in this State is that it is murder in the second degree; and the burden is upon the State to show that the killing was wilful, deliberate and premeditated and is, therefore, murder in the first degree and upon the accused to show that it was without malice and is, therefore, only manslaughter or that she acted lawfully and is, therefore, not guilty.

More specifically, the defendant contends that this instruction violates federal and state due process standards because it creates a presumption of malice relieving the State of its duty to prove beyond a reasonable doubt every material element of the crime, and because

it shifts the burden of proof to the defendant to disprove the existence of malice, thereby depriving her of the constitutional right to a presumption of innocence implicit within the concept of due process.

We are in agreement and the State all but confesses error on this point. No extensive analysis is required. The instruction impermissibly relieves the State of its burden of proof respecting the intent element of the crime of murder and places the burden of proof on the defendant to show he was not guilty of murder. Defendant's Instruction No. 6 violates the constitutional requirements governing criminal presumptions established in *State v. Pendry, supra; State v. Belcher*, ____W. Va.____, 245 S.E.2d 161 (1978).

The fundamental difficulty in this case arises from the fact that it was defense counsel who offered the instruction now complained of on appeal. This Court has long recognized that the doctrine of invited error applies to the offering of instructions in criminal cases, and has consistently and uniformly held that a party cannot, by his own instruction, invite error and then complain of such error on appeal. *State v. Grimm*, 156 W. Va. 615, 195 S.E.2d 637 (1973); syl. pt. 7, *State v. Woods*, 155 W. Va. 344, 184 S.E.2d 130 (1971); syl. pt. 15, *State v. Hamric*, 151 W. Va. 1, 151 S.E.2d 252 (1966); syl. pt. 5, *State v. Calhoun*, 67 W. Va. 666, 69 S.E. 1098 (1910).

None of these decisions, however, has expressly addressed the question presented here, namely, whether a criminal defendant may challenge the legality of giving an unconstitutional, burden-shifting instruction even though it was given at the request of the defendant's attorney. *Grimm, supra*, involved a defense instruction on insanity which this Court held correctly stated the law. *Woods, supra*, concerned a defense instruction on a lesser included offense which was supported by the evidence. *Hamric, supra*, dealt with an erroneous instruction which was advantageous to the defendant.

Very few courts in this country have addressed the precise question presented here. The authorities we have located are, nonetheless, persuasive and compel the conclusion that the general rule cannot be without exception. These decisions hold that a defendant may challenge on appeal the propriety of instructions tendered by him if such challenges are on the basis of incompetency of counsel or a violation of due process. *State v. Cousins*, 4 Ariz. App. 468, 421 P.2d 901 (1967); *People v. McCoy*, 80 Ill.2d 257, 225 N.E.2d 123 (1967); *People v. Bender*, 20 Ill.2d 45, 169 N.E.2d 328 (1960); contra, *Patterson v. State*, 233 Ga. 724, 213 S.E.2d 612 (1975) (Gunter J., dissenting).

*Bender, supra*, contains the most lucid analysis and is the most similar to the case at bar. There defense counsel offered instructions erroneously placing the burden of proving insanity on the defendant in a jurisdiction which required the State to prove beyond reasonable doubt that the defendant was sane at the time of the commission of the offense if the accused produces sufficient evidence to create a reasonable doubt on the issue. The State contended the instructions could not be complained of on appeal since they were given at the request of defendant. The court held that:

> ... [w]hile such a rule [invited error doctrine] is normally applicable in cases involving mere error, it will not operate to deprive an accused of his constitutional right to due process. [citation omitted]. When the State, the defense, and the court, all proceeded on an entirely erroneous belief that the burden of establishing insanity rested upon the defendant, it was impossible for the defendant to receive a fair and impartial trial according to the law of the State. 20 Ill.2d at 54, 169 N.E.2d at 333.

From the defendant's point of view what difference does it make who offered the instruction relieving the State of its constitutional duty to prove each and every material element of the crime charged beyond a reason-

able doubt? The instruction given here undermines the integrity of the fact-finding process. As was forcefully stated in *People v. Keelin*, 136 Cal. App.2d 860, 874, 289 P.2d 520, 529 (1955):

> ... [E]rror is nonetheless error and it is no less operative on deliberations of the jury because the erroneous instruction may have been requested by counsel for the defense. After all, it is the life and liberty of the defendant in the case such as this that is at hazard in the trial and there is a continuing duty on the part of the trial court to see to it that the jury are properly instructed upon all matters pertinent to their decision of the cause.

The ultimate responsibility in criminal cases to ensure the jury is instructed according to constitutional requirements must be placed on the trial court. When given, instructions to a jury are the court's instructions, *State v. Riley*, 151 W. Va. 364, 151 S.E.2d 308 (1966); 10A M.J. *Instructions* § 13 (1977), and, irrespective of who requests them, the court must see to it that all instructions conform to constitutional requirements. Here the trial court erred in not refusing to give a patently unconstitutional instruction. "An instruction which does not correctly state the law is erroneous and should be refused." Syl. pt. 3, *State v. Belcher*, ____W. Va.____, 245 S.E.2d 161 (1978), *quoting*, syl. pt. 2, *State v. Collins*, 154 W. Va. 771, 180 S.E.2d 54 (1971). We are of the opinion that it would be a travesty of justice to hold the accused invited the error and thus effectively waived a fundamental constitutional right. It is extremely unlikely that the defendant had any knowledge that a constitutionally erroneous instruction was being offered on her behalf. It is even more unlikely that she made a knowing and intelligent waiver of her constitutional rights, and we shall not presume that she did in the face of a silent record.

Moreover, had the infirm instruction been contained in a charge prepared by the trial court, *see*, W. Va. Code § 56-6-19, and given without objection by defense coun-

sel, or had the instruction been offered by the prosecution without objection by defense counsel, the trial court or this Court could "in order to avoid manifest injustice or clear prejudice to a party, notice plain error in the giving of or refusal to give an instruction." T.C.R. VI; *see, People v. Jenkins*, 69 Ill.2d 61, 370 N.E.2d 532 (1977).

Furthermore, at least one court has held that the invited error doctrine applies only where the error is truly invited as a part of a trial strategy or tactic. *People v. Graham*, 78 Cal. Rptr. 217, 71 Cal.2d 303, 455 P.2d 153 (1969). There is nothing to indicate the instruction was offered by defense counsel as a deliberate trial strategy or tactic. On the contrary, it clearly appears to the Court that the instruction was an unfortunate mistake. We do not believe this is a case where defense counsel deliberately created error at trial in order to get a reversal in the event of a conviction. The defendant here has not been on bail pending appeal, and a successful appeal legally entitled her to no more than a reversal of the conviction and the right to a new trial.

We find the defendant's primary assignment of error dispositive of this case. It is unnecessary to reach other assignments of error raised by the ingenuity of counsel, but which we do not believe are fairly raised. We, nevertheless, offer guidance to the trial court.

The defendant in this case shot and killed a man with whom she had been intermittently cohabiting for approximately ten years. During the trial of the case, the defendant claims that the trial court judge sought to prevent defense counsel from eliciting some of the circumstances surrounding the physical beatings she had received at the hands of the deceased. The defendant's primary theory of defense was self-defense. While we do not view the record through the eyes of the defendant, we know the defense would be entitled, in the event of a retrial, to elicit testimony about the prior physical beatings she received in order that the jury may fully evaluate and consider the defendant's mental state at the time of the commission of the offense. *State v. Hardin*, 91

W. Va. 149, 112 S.E. 401 (1922); *See generally*, 6 Pepperdine L. Rev. "The Battered Wife Syndrome: A Potential Defense to a Homicide Charge" 213-29 (1978).

For the foregoing reasons we reverse the judgment of the Circuit Court of Jefferson County and award a new trial.

*Reversed.*